Filed 3/1/21  P. v. Gilbert CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GARY LYNN GILBERT,<br><br>    Defendant and Appellant. | B304790<br><br>Los Angeles County<br>Super. Ct. No. TA041797-02 |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Reversed and remanded.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

In 1996 a jury convicted defendant and appellant Gary Lynn Gilbert of second degree murder as well as robbery. In 2019, after the Legislature passed Senate Bill No. 1437, Gilbert filed a petition for resentencing under Penal Code section 1170.95.[1]  The trial court denied the petition, stating Gilbert was ineligible for relief because the jury's verdict convicting him of second degree murder showed it found he had acted with malice.  On appeal, the Attorney General agrees with Gilbert that we must return the case to the trial court for an order to show cause and an evidentiary hearing, because the jury could have convicted Gilbert of second degree murder either as a direct aider and abettor who acted with implied malice *or* under the natural and probable consequences doctrine. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

In April 1995, Michael Spencer and Jason Jones were walking through a park in Lynwood.[2]  Gilbert, Emmett Johnson, and Monique Walker were drinking in the park.  Johnson asked Spencer and Jones what gang they were from.  Johnson then pulled out a gun.  Gilbert hit Jones in the jaw and Jones fell down.  Johnson asked Jones how much money he had.  Gilbert and Spencer then "brawl[ed]" while Johnson held his gun on

---

[1]  References to statutes are to the Penal Code unless otherwise stated.

[2]  We take these facts from our unpublished opinion in Gilbert's direct appeal.  (See *People v. Johnson et al.* (Nov. 21, 1997, B103479) [nonpub. opn.] (*Gilbert I*).)  We previously granted Gilbert's request for judicial notice of that opinion under Evidence Code section 452.  At Gilbert's request, we also took judicial notice of the information and of the jury instructions given at his trial.

2

Jones. Gilbert tried to remove rings from Spencer's fingers and to take the contents of his pockets. (*Gilbert I*.)

Johnson hit Jones on the back of the head with the gun four or five times. Then Johnson went over to where Gilbert and Spencer were fighting, pointed his gun downward at a 45-degree angle, and shot Spencer twice. A "barrel stamp" on Spencer's head, and the presence of soot inside his skull, showed the gun was fired while in contact with his head or at very close range. After Johnson shot Spencer, Gilbert pushed his knee into Spencer's back and tried to pry the gold rings off his fingers. Gilbert took some items from Spencer's pockets. (*Gilbert I*.)

The People charged Gilbert and Johnson with Spencer's murder. The People alleged the defendants committed the murder while engaged in the commission of robbery under section 190.2, subdivision (a)(17). The People also charged both defendants with the robbery of Spencer and Jones, and Johnson only with assault with a firearm on Jones. The People alleged that Johnson personally used a firearm in the commission of the crimes under then-applicable section 12022.5, subdivision (a), and that Gilbert had a prison prior under section 667.5, subdivision (b).

At the conclusion of a May 1996 trial, the jury convicted Gilbert of second degree murder. The jury found the special circumstance allegation true as to Johnson but not as to Gilbert. The trial court sentenced Gilbert to 19 years to life in the state prison, calculated as 15 years to life for the murder plus a consecutive three-year term for the robbery of Jones plus one year for the prison prior.

On appeal, Gilbert's sole contention was that the version of the jury instruction the trial court gave on reasonable doubt lowered the prosecution's burden of proof. In November 1997, we affirmed Gilbert's conviction. (*Gilbert I*.)

In January 2019, Gilbert filed a petition for resentencing under section 1170.95. On a downloadable form, Gilbert checked boxes 1, 2a, 3, 5 and its subboxes, 6, and 7. Even though Gilbert did not check box 4—"I request that this court appoint counsel for me during the re-sentencing process"—it appears the court did appoint counsel for Gilbert.[3] On May 15, 2019, the District Attorney filed an opposition to Gilbert's petition, arguing section 1170.95 is unconstitutional.

The record on appeal does not contain any indication of any proceedings in the trial court between May 2019 and January 2020. On January 23, 2020, the District Attorney filed a second opposition to Gilbert's petition. The District Attorney argued the court should deny Gilbert's petition because (1) he "was not convicted under the felony-murder rule or under the natural and probable consequences doctrine,"[4] and (2) "[t]he record of conviction proves beyond a reasonable doubt that [he] personally acted with malice aforethought." The District Attorney asserted "[t]he facts at trial showed" Gilbert "acted

---

[3]    The record on appeal does not contain any of the minute orders except those for (1) the May 1996 sentencing and (2) the January 2020 hearing on Gilbert's petition.

[4]    The trial court gave Gilbert's jury (among many other instructions) CALJIC Nos. 3.01 (aiding and abetting), 3.02 (natural and probable consequences doctrine/target crime of robbery), 8.21 (first degree felony murder), 8.27 (first degree felony murder/aiding and abetting), 8.30 (unpremeditated second degree murder), and 8.31 (second degree murder/act dangerous to human life [implied malice]). The court also instructed the jury with CALJIC Nos. 8.32 (second degree felony murder) and 8.34 (second degree felony murder/aiding and abetting) but then withdrew those instructions and told the jurors to disregard them.

4

as an aider and abettor" "with the specific intent to kill victim Michael Spencer."

On January 27, 2020, Gilbert's counsel filed a pleading in reply called "Entitlement Brief." Citing our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, counsel argued the prosecution could not prove beyond a reasonable doubt that Gilbert "shared a specific intent to kill" or was a major participant who acted with reckless indifference to human life. Counsel stated Gilbert had "no objection" to the court considering the preliminary hearing transcript, the jury instructions, the jury's questions, and its verdicts.[5] Counsel contended that, by convicting Gilbert only of second degree murder, the jury "rejected" the People's theory that Gilbert "aided and abetted Johnson, with a specific intent to kill." Counsel argued Gilbert "was an instigator in a strong arm robbery" and he "assaulted the victims in an attempt to complete the robbery," but there was "no evidence" he knew Johnson would fire his gun.

The court held a hearing on Gilbert's petition on January 30, 2020. Gilbert's counsel told the court, "[W]e don't know what theory [the jurors] relied upon." After hearing from counsel, the court stated the references to "major participant" were "not . . . applicable here" because the jury convicted Gilbert of second—not first—degree murder. The court observed that, had the jury "followed [the] natural and probable consequences theory," it would have convicted Gilbert of first degree murder. The court said it was relying on "the court of appeal decision,"

---

[5]    At the hearing on the petition, defense counsel told the court he didn't have the trial transcript, "so [he] didn't get a chance to read the arguments" (apparently referring to the closing arguments).

5

"the jury instructions given at that time," and the verdict forms. The court noted Gilbert's trial predated our high court's decision in *People v. Chiu* (2014) 59 Cal.4th 155.

Citing CALJIC Nos. 8.30 and 8.31, the court stated, "The only way the jury was able to find [Gilbert] guilty of second degree murder as instructed was by a finding of malice." The court said, "[T]his is not a close call for me. This is beyond a reasonable doubt." Because "there was a finding of malice," the court denied Gilbert's petition.

## DISCUSSION

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437). SB 1437 "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f). See *People v. Roldan* (2020) 56 Cal.App.5th 997, 1001 (*Roldan*), review granted Jan. 20, 2021, S266031.) SB 1437 added section 1170.95 to the Penal Code. It establishes a procedure by which a person convicted of murder under the natural and probable consequences doctrine can seek to vacate that conviction and be resentenced. (Stats. 2018, ch. 1015, § 4; see also *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1134, review granted Mar. 18, 2020, S260598.)

It appears the trial court here reviewed Gilbert's petition, determined he'd made a prima facie showing that he falls within the provisions of section 1170.95, appointed counsel for him, and received a response from the prosecutor and a reply from Gilbert. The court then held a hearing and determined Gilbert had not made the required second prima facie showing of entitlement to relief. Accordingly, the court did not issue an order to show

6

cause or hold an evidentiary hearing to determine whether to vacate Gilbert's murder conviction, recall his sentence, and resentence him on the remaining count for robbery. (See § 1170.95, subds. (c) & (d)(1); *Roldan*, *supra*, 56 Cal.App.5th at p. 1003.)

On appeal, the parties agree Gilbert was not convicted on a theory of felony murder. The trial court instructed the jury on first degree felony murder only, and the jury convicted Gilbert of second degree murder. On appeal, however, Gilbert contends he was tried on two alternative theories of accomplice liability: as a direct aider and abettor, and on a natural and probable consequences theory in which the target offense was robbery. If the jury convicted him on this second theory, he says, he is entitled to relief under SB 1437. The Attorney General agrees.

The trial court never said it believed—based on the jury instructions and verdicts—that Gilbert was a direct aider and abettor. But that is the clear implication of the court's statements that Gilbert acted with malice. The court cited CALJIC Nos. 8.30 and 8.31, which instruct on unpremeditated second degree murder and implied malice. However, Gilbert's jury also was instructed with CALJIC Nos. 3.00, 3.01, and 3.02.

The trial court noted those instructions had been given as well but appeared to view them as applicable only to the prosecution's first degree murder theory. The court observed that CALJIC No. 3.02 should not have been given "because [CALJIC No.] 8.27 was given." CALJIC No. 8.27 addressed aiding and abetting of first degree felony murder only. The court concluded that, because the jury convicted Gilbert of second degree murder, it could not have relied on a natural and probable consequences theory (CALJIC No. 3.02) and so must have found Gilbert acted with at least implied malice

7

(CALJIC No. 8.31).  The court mentioned *Chiu*, decided nearly 20 years after Gilbert's trial.

*Chiu* held a defendant may not be convicted of *first* degree premeditated murder under the natural and probable consequences doctrine.  (*People v. Gentile* (2020) 10 Cal.5th 830, 845 (*Gentile*).)  But even after *Chiu*, a defendant still could be convicted of *second* degree murder under that doctrine—until SB 1437.  (*Gentile*, at p. 845 [*Chiu* "left in place natural and probable consequences liability for second degree murder"]; *Roldan, supra*, 56 Cal.App.5th at p. 1002 ["Before SB 1437, malice could be imputed to an aider and abettor under the natural and probable consequences doctrine."].)

SB 1437 amended section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  Accordingly, SB 1437 "bars a conviction for second degree murder under the natural and probable consequences theory."  (*Gentile*, *supra*, 10 Cal.5th at 839.)  If the jury relied on CALJIC No. 3.02 to convict Gilbert of second degree murder under the natural and probable consequences doctrine—rather than as a direct aider and abettor who acted with implied malice under CALJIC Nos. 8.30 and 8.31—he would be entitled to resentencing.

As the Attorney General explains, "Although the jury was instructed on the theory of malice for second degree murder pursuant to CALJIC Nos. 8.30 and 8.31 . . . , it was also instructed on aiding and abetting under the natural and probable consequences doctrine pursuant to CALJIC No. 3.02 . . . .  As such, the jury could have convicted appellant of second degree murder under a theory of natural and probable consequences. . . . While there is substantial evidence in the record to support a finding that the jury could have convicted appellant of second degree murder on a theory of implied malice, there is nothing

8

indicating that the jury *necessarily* convicted him on that theory as opposed to a natural and probable consequences theory."

The Attorney General concludes, "Because appellant made a prima facie showing of eligibility, . . . the court should have issued an order to show cause and proceeded with an evidentiary hearing in accordance with section 1170.95, subdivision (d)(3). Accordingly, the appropriate remedy is to remand this case with orders for the trial court to issue an order to show cause and conduct such a hearing in accordance with section 1170.95, subdivision (d)."

We agree, and we do so.[6]

## DISPOSITION

We reverse the trial court's order denying Gary Lynn Gilbert's petition for resentencing and remand the case with instructions to issue an order to show cause and to conduct an evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P.J.                                    LAVIN, J.

---

[6]     We do not agree with Gilbert that the appropriate "remedy" is to "remand the matter back to the trial court with instructions to re-sentence appellant under the provisions of SB 1437."